**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| RONALD WELLS and CATHERINE WELLS | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:24-CV-117 (LAG) |
| | : | |
| STATE FARM FIRE AND CASUALTY COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 7) and Motion for Hearing (Doc. 8). For the reasons below, Defendant's Motion to Dismiss is **DENIED in part** and **GRANTED in part** and Defendant's Motion for Hearing (Doc. 8) is **DENIED**.

## BACKGROUND

In this case, Plaintiffs Ronald and Catherine Wells allege that Defendant State Farm Fire and Casualty Company breached a homeowner's policy by refusing to pay their claim after a hurricane damaged their property in Valdosta. (Doc. 1-2 at 3, 20–53; Doc. 1-3).[1] Defendant issued insurance policy number 81-CX-A492-0 (the Policy) to Plaintiffs on November 6, 2022. (*Id.* at 2; Doc. 1-3). The policy covered Plaintiffs' property at 1006 Cherrywood Circle, Valdosta, GA 31605. (*Id.*). Plaintiffs paid all premiums due under the Policy, complied with all applicable provisions of the Policy, and performed all applicable conditions precedent as required under the Policy. (*Id.* at 3). While the policy was in effect, on August 30, 2023, a storm hit Valdosta and the wind, hail, and rain caused significant damage to the covered real property, including to the roof of the residence. (*Id.* at 3, 5).

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in Plaintiff's Complaint (Doc. 1) as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Anderson v. Wilco Life Ins.*, 17 F.4th 1339, 1344 (11th Cir. 2021) (citation omitted).

Plaintiffs submitted a claim for the damage to Defendant and the claim was assigned number 11-62V8-07G. (*Id.*; Doc. 1-3). Plaintiffs allege that under the terms and conditions of the Policy, they are entitled to recover the value of the damages to the property and/or personal property caused by the storm. (*Id.*) According to Plaintiffs, Defendant has failed to actively participate in loss adjustment and/or appraisal for this claim and to "make full payment to Plaintiffs for coverages owed to Plaintiffs under the Policy" for the damages to the property. (*Id.*).

Plaintiffs filed this action in the Superior Court of Lowndes County on August 29, 2024. (Doc. 1-2 at 2–6). In the, Plaintiffs bring claims for breach of contract, recovery of interest pursuant to O.C.G.A. § 13-6-13, and bad faith damages and attorneys fees pursuant to O.C.G.A. § 33-4-6. (*Id.* at 3–5). Defendant removed the case to federal court on November 14, 2024, pursuant to this Court's diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441(b); (*See* Doc. 1 ¶¶ 6–7). Defendant filed a Motion to Dismiss on November 21, 2024. (Doc. 7). Plaintiffs did not respond. (*See* Docket). Thus, the Motion to Dismiss is ripe for review. M.D. Ga. L.R. 7.1.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs[,]" but the same liberal reading does not apply to legal conclusions. *Anderson*, 17 F.4th at 1344–45 (first citing *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); and then citing *Iqbal*, 556 U.S. at 678). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79.

Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

## DISCUSSION

Defendant argues that Plaintiffs fail to state a claim for breach of contract, recovery of interest, and bad faith damages and requests a hearing on the Motion to Dismiss. (Docs. 7, 8).

## I.    Motion to Dismiss

As a preliminary matter, while Plaintiffs—who are represented by counsel—failed to respond to the Motion to Dismiss, a district court may not "grant [defendant]'s motion to dismiss solely on the plaintiffs' failure to respond in opposition." *Giummo v. Olsen*, 701 F. App'x 911, 924–25 (11th Cir. 2017); *see Woodham v. Am. Cystoscope Co of Pelham*, 335 F.2d 551, 556 (5th Cir. 1964) (holding that dismissal without consideration of the merits of a motion to dismiss under local rule requiring response within ten days of the filing of a motion was unwarranted); *Boazman v. Econs. Lab'y, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976) (holding that plaintiff's initial failure to respond to a motion to dismiss and subsequent failure to respond after an express order to do so within ten days were insufficient grounds for dismissal). That said, "the [C]ourt is under no duty to exercise imagination and conjure what a plaintiff might have alleged, but did not, and do counsel's work for him or her." *Pinto v. Universidad De Puerto Rico,* 895 F.2d 18, 19 (1st Cir. 1990); *Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . . Rather, the onus is upon the parties to formulate arguments . . . ." (citations omitted)); *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf." (citation omitted)). "When a motion to dismiss is granted as unopposed, the actual grounds for dismissal are the grounds chiefly asserted in said motion to dismiss." *Hosseinzadeh v. Greenpoint Mortg. Funding, Inc.*, No. 1:13-cv-01269-SCJ, 2013 WL 12095674, at *4 (N.D. Ga. Dec. 23, 2013) (citing *Abram v. Fulton Cnty. Gov't*, 482 F. App'x 421, 424 (11th Cir. 2012)). "Accordingly, [Plaintiffs'] decision not to proffer

argument or authority in response to the Motion[s] is at [their] peril." *Anderson v. Greene*, No. 05-0393-WS-M, 2005 WL 1971116, at *3 (S.D. Ala. Aug. 16, 2005).

### A. Breach of Contract

Defendant argues that the Complaint fails to allege sufficient facts to state a plausible claim of breach of contract. (Doc. 7-1 at 5–8). According to Defendant, Plaintiffs' complaint omits crucial factual allegations including the provisions of the policy that Defendant breached by failing to make payment to Plaintiffs, the amount required to repair the property, and the amount owed by Defendant under the policy. (*Id.* at 7–8).

In Georgia, the elements for a breach of contract claim are "(1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *Norton v. Budget Rent A Car Sys., Inc.*, 705 S.E.2d 305, 306 (Ga. Ct. App. 2010) (citations omitted). The Eleventh Circuit has explained that a plaintiff fails to plead plausibly a Georgia breach of contract claim under the Federal Rules of Civil Procedure where he does not "allege[] any general or specific provision of any contract that [the defendant] might have breached." *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). While the Court agrees that Plaintiffs' factual allegations are sparse, Plaintiffs have alleged sufficient facts to plausibly state a claim for breach of contract under *Twombly* and *Iqbal*. Plaintiffs allege that Defendant issued an insurance policy on their property, the property "suffered a physical loss and damage as a result of storm, wind rain, hail, and/or other covered causes of loss[,]" and that Defendant "has failed or refused to make full payment to Plaintiffs for coverages owed to Plaintiffs under the Policy as a result of the Loss" as required under the Agreement and Loss Settlement provisions of the Policy. (Doc. 1-2 at 2–3). "In other words, Plaintiffs alleged the specific provisions breached by [Defendant]—the provisions which provided coverage for storms, wind rain and hail damage and the Agreement and Loss Settlement provision"—and thus "identify the breached provisions with sufficient specificity to plausibly allege breach." *Boyd v. State Farm Fire and Casualty Co.*, No. 7:24-cv-116-WLS, 2025 WL 1073710, at *4 (M.D. Ga. Apr. 9, 2025) (denying motion to dismiss breach of contract claim regarding similar

insurance policy provisions on basis that plaintiff did not plead the provision breached with sufficient particularity under federal pleading standards).

Defendant cites one nonbinding district court case from the Northern District of Georgia in support of its argument that the Complaint fails to state a claim because it fails to specify the amount of damages caused by Defendant's breach. *Bauer v. State Farm Life Insurance*, No. 1:21-cv-00464-SDG, 2022 WL 912687, at \*2–3 (N.D. Ga. Mar. 28, 2022). In that case, the district court granted a motion to dismiss plaintiff's conversion claim because she failed to allege an identifiable sum of money that defendant allegedly converted from her account. *Id.* The district court explained that plaintiff's failure to identify the amount of money lost was detrimental to her claim because "money can [only] be the subject of a conversion claim as long as the allegedly converted money is specific and identifiable." *Id.* at 2. Here, Plaintiffs assert a breach of contract claim—not a conversion claim. (Doc. 1-2 at 4). The elements of conversion and breach of contract are not analogous, and Defendant has not cited any case law for the proposition that a plaintiff must plead the specific amount of damages suffered as a result of a breach of contract to survive a motion to dismiss. (*See* Doc. 7-1); *see Boyd*, 2025 WL 1073710, at \*4 (finding that *Bauer* did not provide support for the argument that damages from breach of contract must be particularly pled). Thus, dismissal of the breach of contract claim is not appropriate at this time.

### B. Count II: Prejudgment Interest Under O.C.G.A. § 13-6-13

O.C.G.A. § 13-16-13 provides that "[i]n all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the recovery." In the Complaint, Plaintiff alleges that, pursuant to O.C.G.A. § 13-6-13, Defendant is "liable for, interest upon Plaintiffs' damages sustained as a result of Defendant's breach of contract described" in the Complaint. (Doc. 1-2 at 4). Defendant argues that Plaintiffs cannot proceed on Count II, which it labels as a claim for

"attorneys fees[,]" because O.C.G.A. § 33-4-6 "provides an insured the exclusive procedure to recover extra-contractual damages against his/her insurer." (Doc. 7-1 at 8–9).

O.C.G.A. § 33-4-6 is the exclusive remedy for an insurer's bad faith denial of insurance benefits. *Atl. Title Ins. v. Aegis Funding Corp.*, 651 S.E.2d 507, 510 (Ga. Ct. App. 2007); *McCall v. Allstate Ins.*, 310 S.E.2d 513, 516 (Ga. 1984); *see also Trade AM Int'l, Inc. v. Cincinnati Ins.*, No. 1:08-CV-3711-ECS, 2012 WL 1865406, at *4 (N.D. Ga. Jan. 18, 2012). "[A] consistent line of authority . . . confirms that, in an action . . . brought to recover for breach of a first-party [i]nsurance contract and alleging failure to pay a claim of loss, recovery of attorney's fees and expenses must be had under O.C.G.A. § 33-4-6, if at all, and a claim for attorneys' fees and expenses under O.C.G.A. § 13-6-11 is not authorized." Defendant seeks to extend this rule to preclude Plaintiffs from seeking prejudgment interest pursuant to § 13-6-13. (Doc. 7-1 at 8–9). The Court declines to do so. A plaintiff can recover under § 13-6-13 notwithstanding any bad faith on the party of the breaching party. The cases that Defendant cites analyze O.C.G.A. § 13-16-11 explaining that O.C.G.A. § 33-4-6 bars recovery for attorneys' fees and litigation expenses under O.C.G.A. § 13-6-11, which is the more general statute allowing for an award of attorneys' fees and litigation costs where a defendant has acted in bad faith or "has been stubbornly litigious." (Doc. 7 at 11)*; see Powers v. Unum Corp.*, 181 F. App'x 939, 944 n.8 (11th Cir. 2006); *Balboa Life & Cas., LLC v. Home Builders Fin., Inc.*, 304 Ga. App. 478, 483 (2010); *Butler v. Nationwide Mut. Fire Ins.*, No. 1:21-cv-2138-MLB, 2022 WL 684157, at *9 (N.D. Ga. Mar. 8, 2022). Prejudgment interest is not a cost or expense of litigation, and Defendant provides no case law to support its theory that prejudgment interest is precluded in insurance cases. *See Boyd*, 2025 WL 1073710, at *4 (denying motion to dismiss claim under O.C.G.A. § 13-6-13 as barred by O.C.G.A. § 33-4-6). Thus, dismissal of Plaintiff's claim for prejudgment interest is not appropriate.

### C. Bad Faith Damages Under O.C.G.A. § 33-4-6

Under O.C.G.A. § 33-4-6, a plaintiff may recover for an insurer's bad faith refusal to pay a claim for loss covered by an insurance policy. "It is well-settled that, in order to assert a claim under O.C.G.A. § 33-4-6, the demand for payment be made at least 60 days

before the suit is filed," and "[a] failure to wait at least 60 days between making a demand and filing suits constitutes an absolute bar to recovery of a bad-faith penalty and attorneys fees under the statute." *Cagle v. State Farm Fire & Cas. Co.*, 512 S.E.2d 717, 727 (Ga. Ct. App. 1999). Plaintiffs do not allege in the Complaint that they made a demand for payment on the insurance claim or that they waited the requisite sixty days before the filing of the action. Plaintiffs therefore have not pled facts sufficient to support a bad faith claim under Georgia law. (Doc. 1-2 at 4–5); *see Boyd*, 2025 WL 1073710, at *4 (dismissing bad faith claim for failure to plead that demand was made on insurer); *Mills v. Allstate Ins.*, 1:24-cv-00841-ELR, 2024 WL 5131609, at *7 (N.D. Ga. Nov. 22, 2024) (dismissing bad faith claim, in part, because Plaintiff failed to plead sufficient facts to show that demand meeting statutory requirements was made).

## II.    Motion for Hearing

Defendant requests that the Court hold a hearing on the Motion to Dismiss (Doc. 8). Neither the Federal Rules of Civil Procedure nor the Court's local rules entitle litigants to oral argument on motions to dismiss. *See Coney v. Macon-Bibb County*, No. 5:19-cv-00145-TES, 2019 WL 13098500, at *1 (M.D. Ga. June 6, 2019) (first citing *Thomas v. United States*, 245 F. App'x 18, 19–20 (Fed. Cir. 2007); and then citing *Barker v. Norman*, 651 F.2d 1107, 1119 (5th Cir. 1981)); M.D. Ga. L.R. 7.5 (explaining that courts in this district decide all motions "without a hearing unless otherwise ordered by the court on its own motion or in its discretion upon request of counsel"). As set forth above, the Court has resolved the Motion to Dismiss based on the filings. Thus, oral argument is unnecessary, and Plaintiff's Motion for Hearing (Doc. 8) is **DENIED**.

## CONCLUSION

Accordingly, Defendant's Motion to dismiss is **DENIED in part** and **GRANTED in part**. Count III of the Complaint is dismissed. Defendant's Motion for Hearing (Doc. 8) is **DENIED**.

**SO ORDERED**, this 28th day of August, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**